UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MAYSON JAMES JOHN**          **DOCKET NO. 2:24-cv-0727**
    **D.O.C. # 733180**                       **SECTION P**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**WARDEN ORLAN DAVIDSON**          **MAGISTRATE JUDGE LEBLANC**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Mayson James John, who is proceeding *pro se* in this matter. John is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. At the time of filing his petition, Petitioner was incarcerated at the Bayou Dorcheat Detention Center in Minden, Louisiana.  Doc. 1. He has since been transferred to Rapides Parish Detention Center in Alexandria, Louisiana. Doc. 6.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

**I.      BACKGROUND**

John brings this petition to attack his conviction in the 31st Judicial District Court, Parish of Jefferson Davis, on one count of indecent behavior with a juvenile and the sixteen-year sentence imposed thereon. Doc. 1, p. 1.  He complains that his sentence was imposed in violation of the

Constitution based on prosecutorial misconduct, ineffective assistance of counsel, defective indictment and true innocence. *Id*. at pp. 5-10.

The petition presently before this Court is John's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. *See John v. Wilhite*, No. 2:22-cv-1285 (W.D. La. May 12, 2023) (dismissed as time barred).

## II.    LAW AND APPLICATION

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petition is not entitled to relief. The Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (The Court has a duty to screen out frivolous habeas applications eliminating respondent's burden to file an unnecessary answer). From the face of the instant petition and court records, it is apparent this is a second or successive petition. See 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254).

A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of

appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court has already determined that Petitioner's previous 2022 federal habeas application was time barred. Further, Petitioner cites to no new precedent in support of his claim, nor has he obtained permission to file a successive petition from the Fifth Circuit. *See* 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed"); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("[The Anti–Terrorism and Effective Death Penalty Act ("AEDPA")] requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.")

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a prima facie showing his application satisfies the statute, dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit.

### III.    CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

**IT IS FURTHER RECOMMENDED** that all other motions pending in this case, including Petitioner's *Motion to Exceed the 25 Page Brief Limit* [Doc. 5] be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers this 17th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE